IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK GOLDSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:23-cv-1484 |
| | § | |
| FORCEPOINT LLC | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

## COMPLAINT

MARK GOLDSTEIN, Plaintiff, files this Complaint and Jury Demand against FORCEPOINT LLC, (hereinafter referred to as "Forcepoint" or "Defendant"), and for cause of action would respectfully show the Court the following:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff MARK GOLDSTEIN is a resident of Fairfax County, Virginia.

2. Defendant FORCEPOINT LLC is an entity which can be served with Citation through its Registered Agent, Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, TX 77056 USA.

3. This Court has jurisdiction to hear the merits of Mr. Goldstein's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Goldstein's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because a substantial portion of the events giving rise to this action occurred in this division and district.

1

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On November 19, 2018, within 180 days of being turned down for jobs he applied for, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, alleging age discrimination and retaliation. Plaintiff is filing this lawsuit within 90 days of receiving his Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission.

## III.
## FACTS

6. Mark Goldstein was hired by Defendant in January 2016 as a Senior Security Strategist. Mr. Goldstein was born in 1956. In April 2017 Forcepoint terminated Mr. Goldstein's employment. On December 21, 2017, after exhausting his administrative remedies by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Mr. Goldstein filed a complaint in this Court (1:17-cv-01194) alleging age discrimination. That case has been moved to arbitration, and is still pending.

7. Mr. Goldstein applied for several positions with Defendant after the filing of his administrative claim for age discrimination with the EEOC and the lawsuit concerning his termination. Forcepoint refused to hire Mr. Goldstein for any of the positions he applied for, despite the fact that he was qualified for each. The positions for which Mr. Goldstein applied and was rejected by Forcepoint are: Sr. Principal Consultant Professional Services (Forcepoint JR459216); Sr. Director Marketing (Forcepoint JR458635); Sr. Principal Consultant Professional Services (Forcepoint JR459217); Product Manager (Forcepoint JR459574); Customer Marketing Manager (Forcepoint JR458467); Channel Operations Analyst III (Forcepoint JR458555); IT Project Manager II - Business Transformation (Forcepoint JR458147); Copywriter III; Senior Cyber Engineer; Product Manager; and Principal Cyber Engineering Consultant (CASB)(also

2

referred to as "Principal Cyber Engineering Consultant"). Mr. Goldstein was turned down for each position he applied for.

8. After he was not hired for any of the positions for which he had applied, Mr. Goldstein filed an EEOC Charge (451-2019-00607) alleging that Forcepoint's refusal to re-hire him was the result of his age and his opposition to Forcepoint's age-discriminatory conducting in terminating him. Following its investigation, the EEOC found that there was reasonable cause to believe that Forcepoint retaliated against Mr. Goldstein in violation of the ADEA in refusing to hire him for the position of Principal Cyber Engineering Consultant position.

9. The EEOC's determination states: "Charging Party [Mr. Goldstein] alleges that due to his age and unlawful retaliation, he applied but was not selected for eleven separate positions posted by the Respondent, in violation of the ADEA.

10. The determination goes on: "Respondent asserts it has legitimate non-discriminatory and non-retaliatory reasons for Charging Party's non-selection for all of the positions in question. Specifically, Respondent states that in some instances the Charging Party did not apply for the listed position, he did not possess the relevant experience required of some of the positions listed, the position remained unfilled and finally that in some instances the Charging Party was not the most qualified candidate."

11. The EEOC's determination goes on to state that "During the investigation, the parties were afforded the opportunity to submit evidence in support of their respective positions. The evidence shows Charging Party applied for a Principal Cyber Engineering Consultant position with the Respondent. Respondent's recruiter viewed Charging Party's application through LinkedIn, and he was referred to Respondent's hiring manager. The recruiter followed up with Charging Party on the status of his application, but ultimately the Charging Party was not selected for the position. The evidence refutes Respondent's assertion that it has no record on its

internal platform of Charging Party's application. Although Respondent was provided with several opportunities to explain this discrepancy, it failed to provide additional information regarding the Principal Cyber Engineering Consultant position in question."

12. The determination concludes: "As such, I have considered all evidence obtained during the investigation and find that there is reasonable cause to believe Respondent failed to hire the Charging Party for the Principal Cyber Engineering Consultant position in retaliation for engaging in protected activity, in violation of the ADEA. No finding is made as to any other issues that might be construed as having been raised by this charge."

13. EEOC findings of "reasonable cause" are extremely rare. In the EEOC's fiscal year 2022, only 1.7% of charges filed with the EEOC alleging violations of the ADEA concluded with a finding of "reasonable cause." *See* "Age Discrimination in Employment Act (Charges filed with EEOC) (includes concurrent charges with Title VII, ADA, EPA, and GINA) FY 1997 - FY 2022," which can be viewed here:

https://www.eeoc.gov/data/age-discrimination-employment-act-charges-filed-eeoc-includes-concurrent-charges-title-vii-ada

### CAUSES OF ACTION
### COUNT ONE
### DISCRIMINATION AND RETALIATION UNDER THE ADEA

14. <u>Discrimination.</u>  The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes age discrimination, in direct violation of the Age Discrimination in Employment Act, 29 U.S.C. §621.

15. Plaintiff's age was the but-for cause of Defendant's employment decisions regarding Plaintiff, including the decision not to hire Plaintiff into the positions he sought after

4

challenging his termination as age-discriminatory. Plaintiff's age moved Defendant toward its employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

16. <u>Retaliation.</u>   Retaliation against an employee for opposing discriminatory conduct, including complaining about age discrimination, is prohibited by the ADEA.  The EEOC has already determined that Defendant refused to hire Mr. Goldstein for the Principal Cyber Engineering Consultant position in retaliation for his previous protected conduct.

17. Mr. Goldstein engaged in protected conduct in that he opposed age discrimination by filing an EEOC charge and a lawsuit concerning the termination of his employment. Defendant subjected Mr. Goldstein to adverse employment actions by refusing to hire him into positions following his protected conduct, and there is a causal connection between Mr. Goldstein's protected activity and the adverse actions.

## IV.
## DAMAGES

18. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## VII.
## LIQUIDATED DAMAGES

19.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

20.     A prevailing party may recover reasonable attorneys' and experts' fees under the ADEA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

21.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.     The Court assume jurisdiction of this cause;

2.     The Court award Plaintiff damages as specified above;

3.     The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.     The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.     The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

    Respectfully submitted,

    THE LAW OFFICES OF KELL A. SIMON
    501 North IH-35, Suite 111
    Austin, Texas 78702
    (512) 898-9662 Telephone
    (512) 368-9144 Facsimile

    /s/ Kell A. Simon
    Kell A. Simon
    State Bar No. 24060888
    ATTORNEY FOR PLAINTIFF